J-S85018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEITH DEVINE | |
| Appellant | No. 3689 EDA 2015 |

Appeal from the PCRA Order December 1, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014318-2007

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                **FILED JANUARY 10, 2017**

Appellant, Keith Devine, *pro se* appeals from the December 1, 2015 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On April 29, 2009, the Honorable Jeffrey P. Minehart, sitting as trial court without a jury, found Appellant guilty of third degree murder, criminal conspiracy, and two counts of aggravated assault.[1]  On June 2, 2010,[2] Appellant received concurrent sentences of twelve and one-half to twenty-five years of incarceration on the murder charge, ten to twenty years of

_____

[1] 18 Pa.C.S. §§ 2502(c), 903(a)(1), and 2702(a), respectively.

[2] The PCRA court's opinion misstates the date of Appellant's sentencing hearing.  PCRA Court Opinion, 3/1/16, at 1.

- 1 -

incarceration on the conspiracy, and two sentences of ten to twenty years of incarceration for the aggravated assault charges. **See** Notes of Testimony (N.T.), 6/2/10, at 32-33. Appellant was given credit for time served. **Id**. at 34.

Thereafter, Appellant filed a post sentence motion, which was denied. On August 5, 2011, this Court affirmed Appellant's judgement of sentence and on May 1, 2012, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Devine**, 26 A.3d 1139 (Pa. Super 2011), appeal denied, 42 A.3d 1059 (Pa. 2012).

On June 6, 2012, Appellant timely filed a *pro se* petition seeking PCRA relief. Counsel was appointed and subsequently submitted a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), and a motion to withdraw. Appellant filed a series of pleadings in response to PCRA counsel's **Finley** letter. On October 26, 2015, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, citing that Appellant's counsel found his petition was without merit. Appellant timely filed a response. On December 1, 2015, the court dismissed Appellant's petition.

Appellant timely appealed *pro se* and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

Appellant raises the following issues for our review:

> 1. THE POST CONVICTION [C]OURT ERRED WHEN IT DENIED THE [APPELLANT] RELIEF PURSUANT TO HIS AMENDED PCRA PETITION, BY ERRONEOUSLY RULING IT "UNTIMELY" PURSUANT

- 2 -

TO [§] 9545(B), AND BY WHOLESALE ADOPTION OF PCRA [C]OUNSEL'S "NO MERIT LETTER" IN LIEU OF FILING A POST CONVICTION RELIEF ACT OPINION, WHICH WAS A CLEAR ABDICATION OF THE [C]OURT'S DUTY; AND WHERE THE [APPELLANT] WELL PLED, AND WOULD HAVE BEEN ABLE TO PROVE, THAT HE WAS ENTITLED TO SUBSTANTIVE RELIEF IN THE FORM OF A NEW TRIAL AS THE RESULT OF:

2. THE PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER BOTH ARTICLE I § 9 OF THE PENNSYLVANIA CONSTITUTION AND THE SIXTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION FOR COUNSEL'S FAILURE TO OBJECT TO THE [ADMISSIBILITY] OF UNAVAILABLE WITNESS, KENDALL STERNS, [INADMISSIBLE] PRELIMINARY HEARING NOTES OF TESTIMONY INTRODUCED AT PETITIONER'S TRIAL.

3. THE PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER BOTH ARTICLE I § 9 OF THE PENNSYLVANIA CONSTITUTION AND THE SIXTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION WHEN TRIAL COUNSEL "STIPULATED" TO THE MEDICAL RECORDS OF THE GUN SHOT VICTIMS DEPRIVING PETITIONER OF HIS RIGHT TO CONFRONT WITNESSES UNDER THE COMPULSORY PROCESS.

4. THE PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER BOTH ARTICLE I § 9 OF THE PENNSYLVANIA CONSTITUTION AND THE UNITED STATES CONSTITUTION FOR TRIAL COUNSEL'S FAILURE TO REQUEST A SEVERANCE MOTION UNDER THE EXCEPTION ENUMERATED IN PA.CRIM.P.[]579.

5. THE PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER BOTH ARTICLE I § 9 OF THE PENNSYLVANIA CONSTITUTION AND THE SIXTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION FOR TRIAL COUNSEL'S FAILURE TO OBJECT TO THE INTRODUCTION OF NON-TESTIFYING CO-DEFENDANT REDACTED STATEMENTS.

6. THE PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER BOTH ARTICLE I § 9 OF THE PENNSYLVANIA CONSTITUTION AND THE SIXTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION FOR TRIAL COUNSEL'S FAILURE TO OBJECT AND MOVE FOR A MISTRIAL,

WHEREIN THE COMMONWEALTH SOUGHT TO INTRODUCE IRRELEVANT TESTIMONIAL EVIDENCE REGARDING [A] PRIOR BAD ACT THAT ALSO CONSTITUTED A BRADY VIOLATION.

7. PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER BOTH ARTICLE I § 9 OF THE PENNSYLVANIA CONSTITUTION AND THE SIXTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION FOR COUNSEL'S FAILURE TO OBJECT AND SUPPRESS THE STATEMENT OF OFFICER FLANNERY COUPLED WITH COUNSEL'S INEFFECTIVENESS FOR FAILING TO OBJECT TO THE PROSECUTOR'S UNTIMELY DISCLOSURE OF SAID STATEMENT.

8. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RENDERED A GUILTY VERDICT OF THE THIRD DEGREE IS DEFINED BY EXCLUSION[] AT TITLE 18[]PA.C.S.A. SECTION 2502.

9. PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THE SPEEDY TRIAL AND DUE PROCESS VIOLATION WHEN THERE WAS AN UNNECESSARY DELAY IN SENTENCE IN VIOLATION OF PA.R.CRIM.P.[]704.

Appellant's Brief at vi-vii (some capitalization added for consistency).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

On appeal, Appellant raises nine issues for our review, the majority of which allege ineffective assistance of trial counsel.[3] We have reviewed the certified record, the briefs of the parties, the applicable law, and the well-reasoned opinion authored by the Honorable Jeffrey P. Minehart of the Court of Common Pleas of Philadelphia County, filed March 1, 2016. We conclude that Judge Minehart's comprehensive opinion is dispositive of the issues presented in this appeal. Accordingly, we adopt the opinion as our own for purposes of further appellate review and affirm the order denying Appellant's PCRA petition on that basis.

Commonwealth's Application for Relief granted; Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017

_____

[3] On October 17, 2016, the Commonwealth of Pennsylvania untimely filed a brief as well as an application for relief asking this Court to accept its brief as timely filed.

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : COURT OF COMMON PLEAS
: PHILADELPHIA COUNTY
:
VS. : NO.: CP-51-CR-0014318 2007

KEITH DEVINE


CP-51-CR-0014318-2007 Comm. v. Devine, Keith
Opinion

7413486701

FILED

MAR 0 1 2016

Post Trial Unit

## OPINION

Defendant, Keith Devine appeals from this Court's order dated December 1, 2015, denying him relief pursuant to the Post-Conviction Act, (PCRA) 42 Pa.C.S. §9541 *et seq.* By way of background, defendant was convicted of murder in the third degree, criminal conspiracy, and two counts of aggravated assault. On April 12, 2009, defendant received concurrent sentences of twelve-and-one-half to twenty-five years, ten to twenty years, and two sentences of ten to twenty years on the above charges, respectively.

Following the imposition of the sentence, defendant filed a post-sentence motion which was denied. Defendant thereafter, filed a notice of appeal and on August 5, 2011, the Superior Court affirmed the judgment of sentence imposed by this Court. (1993 EDA 2011). Defendant thereafter filed a petition for allowance of appeal in the Pennsylvania Supreme Court. The petition was denied on May 1, 2012. The charges filed against defendant arose out of an incident that occurred on March 25, 2007, during which defendant and others became involved in a neighborhood dispute. As a result of the disagreement, defendant and persons associated with him armed themselves and confronted the group of people involved in the dispute. During the ensuing fracas several

1

people began firing guns. Police responded to the shooting and found four victims suffering from gunshot wounds. One victim, Jovonne Stelly, was later pronounced dead from a gunshot wound to the face.[1]

In June of 2012, defendant timely filed a *pro se* PCRA petition following which counsel was appointed to represent him. On August 30, 2015, appointed counsel filed a no merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988); Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and a Motion to Withdraw. This Court, after carefully reviewing the record, defendant's various filings, and counsel's no-merit letter, accepted counsel's letter and sent defendant a Pa.R.Crim.P. 907 notice of dismissal that advised defendant that his PCRA petition was going to be dismissed in 20 days. Defendant filed a response to the 907 notice and after reviewing it this Court granted counsel's motion to withdraw and dismissed defendant's petition on December 1, 2015. Subsequent thereto, defendant filed a timely notice of appeal as well as a requested Pa.R.A.P. 1925(b) notice.

DISCUSSION

In his 1925(b) statement, defendant first claims that this Court committed an abuse of discretion because it adopted PCRA counsel's no-merit letter in lieu of filing an opinion. He next raises several claims of ineffectiveness and an issue alleging that this Court erred by finding him guilty of third-degree murder because that "crime is defined by exclusion." Defendant's 1925(b) statement.

In reviewing the propriety of a PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error.

---

[1] For a more detailed synopsis of the facts see this Court's opinion dated July 9, 2009.

2

Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claims are patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

With regard to defendant's first issue accusing this Court of adopting PCRA counsel's no-merit letter without conducting an independent review of the matter, no relief is due on this claim because this Court did not deny him relief based on counsel's no-merit letter. Rather, relief was denied because this Court, having reviewed the entire record, including defendant's claims, his numerous filings, the available transcripts, and counsel's no-merit letter, determined that there was no merit to any of defendant's claims and that an evidentiary hearing was unnecessary. To the extent that defendant accuses this Court of abdicating its responsibility to review the entire record, failing to provide a more detailed 907 notice, or failing to prepare and file an opinion before dismissing his petition, it is suggested that there is no merit to those assertions and that they be rejected out of hand.[2]

---

[2] It is submitted that defendant waived appellate review of this claim because it was not included in his response to the 907 notice. See Pa.R.A.P. 302(a) (claims may not be raised for the first time on appeal);

3

It is noted that because counsel filed a no-merit letter addressing all of defendant's claims and a motion to withdraw as counsel, copies of which counsel sent to defendant, this Court had no obligation at all to send defendant a 907 notice and, thus, any error in the 907 notice is *de minimis*. In Commonwealth v. Bond, 630 A.2d 1281 (Pa. Super. 1993), the appellant complained that he was not notified of the PCRA court's intention to dismiss his petition without a hearing. The Superior Court found that both counsel and the court scrupulously followed the procedure established in Finley - counsel wrote a no-merit letter to the court and forwarded a copy of the letter to the petitioner. In that case, there was also further correspondence between counsel and the petitioner regarding the issue at stake.

The Bond Court disagreed that the appellant was entitled to additional notice beyond the Finley letter that the PCRA court intended to dismiss his petition. The Court stated as follows:

> For Bond to complain now that he received no "notice" of the court's intention to enter an order dismissing the petition stands the entire Finley procedure on its head. Bond was well aware of the deficiencies in his claims and of counsel's intention to withdraw. If Bond wished to respond to counsel's motion, he had every right to do so. He chose no to.

630 A.2d at 1283. The Court found that "[a]dditional notification of the court's intention to dismiss Bond's petition without a hearing under Pa.R.C.P. 1507 [now Pa.R.Crim.P. 907] was unnecessary in this case." Id.

Under Bond, a court is not required to send a defendant a 907 notice, where the defendant's attorney has written a detailed no-merit letter, forwarded a copy of the letter

---

Commonwealth v. Fulton, 830 A.2d 567, 570 n.2 (Pa. 2003) (claim not raised in PCRA petition is waived and may not be raised on appeal). The law is clear that issues cannot be raised for the first time on appeal. Nevertheless, this Court will discuss the claim in the event that the issue was preserved.

4

to the petitioner, and the court has provided the petitioner with at least twenty days to respond to counsel no-merit letter and petition to withdraw. See Commonwealth v. Hopfer, 965 A.2d 270 (Pa. Super. 2009). In the present case, because PCRA counsel filed a motion to withdraw and a Turner/Finley letter with the PCRA court in which he argued that the issues raised by defendant in his *pro se* PCRA petition were without merit, defendant received copies of the motion and letter, and this Court dismissed his petition more than twenty days after defendant received the letter and motion, any defect in the 907 notice does not provide defendant with an avenue of relief.

Finally, it is suggested that there was no defect in the 907 notice and that the Court was not required to provide defendant with a more detailed statement of reasons explaining why it was the intention of the Court to dismiss his petition. In Commonwealth v. Banks, 656 A.2d 467 (Pa. 1995), the Superior Court found that, "[u]nequivocally, the purpose of such notice is to afford the petitioner an opportunity to respond as to why dismissal would be inappropriate." Id. at 473. In the present case, defendant filed a detailed response to the 907 notice thereby manifesting that the notice was sufficient to inform him of any deficiency in the claims he raised in his *pro se* petition. Thus, it is clear that defendant was not prejudiced by any deficiency in the 907 notice.

Accordingly, for all of the foregoing reasons, it is suggested that if the Honorable Court does not find the claim waived, that it find that it was properly found lacking in merit.

In his next several issues, defendant raises numerous claims alleging ineffective assistance of counsel. Pennsylvania law presumes counsel is effective and therefore, the

5

burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, a defendant must establish all of the following three elements, as set forth in Commonwealth v. Charles Pierce, 527 A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic, which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim, is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her

6

client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, 30 A.3d at 1127, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, 30 A.3d at 1127-28, citing Dennis, 950 A.2d at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Rios, 920 A.2d at 799, citing Commonwealth v. Michael Pierce, supra, 786 A.2d 203, 221-22 (Pa. 2001); Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999).

Applying the foregoing standards to the claims raised by defendant, it is clear that they lack arguable merit. Defendant argues in his first ineffectiveness claim that trial counsel was ineffective for failing to object to the introduction of prior testimony given by Kendall Sterns at defendant's preliminary hearing because the defense did not have a full and fair opportunity to cross-examine him. Defendant's 1925(b) Statement, Issue II. It is defendant's contention that he was deprived of such an opportunity because prior

7

statements Sterns made were not provided to the defense before Sterns testified at the preliminary hearing.

The law is clear that the preliminary hearing testimony of an unavailable witness is admissible as long as the party against whom it is offered had a "fair and full" opportunity to cross-examine the witness at the preliminary hearing. Commonwealth v. Thompson, 648 A.2d 315, 322 (Pa. 1994); Commonwealth v. Bazemore, 614 A.2d 684 (Pa. 1992). Instantly, the record shows that the defense was provided with Sterns' prior statements at defendant's preliminary hearing. (N.T. 4/27/09, 25-37). Therefore, it is clear that the instant claim lacked merit.

Even had the defense not been provided with Sterns' statements defendant was properly denied relief on this claim because he failed to establish prejudice as the law requires. To demonstrate counsel's ineffectiveness, a petitioner must prove that he suffered 'actual prejudice' or, in other words, that there is a reasonable probability that the result of the proceeding would have been different but for counsel's purported error. See Commonwealth v. Spotz, 84 A.3d 294, 312 (Pa. 2014). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." Id. Here, because other witnesses and evidence overwhelmingly established defendant's guilt, he failed to meet his burden of proving prejudice; the verdict would not have been different had Sterns' prior testimony been excluded. Therefore, it is suggested that no relief be granted with respect to this claim.

Next, defendant accuses trial counsel of providing him ineffective assistance of counsel by stipulating to the medical records of the victims shot during the incident. Defendant's 1925(b) Statement, Issue III. It is defendant's contention that had counsel

8

not stipulated to the medical records, he could have established that the victims each had been shot by the same caliber weapon, one which the evidence showed he did not possess, thereby exculpating him from criminal responsibility.

What defendant failed to recognize was that this Court reviewed those reports before rendering its verdict and was well aware of what was contained therein. Moreover, the fact that appellant may not have fired the exact weapon that injured the victims is not exculpatory because he was part of the group that escalated the situation during which defendant was observed firing weapons in concert with his co-defendants. Therefore, defendant, as an accomplice and co-conspirator, was vicariously liable for the acts of his cronies, which rendered this claim lacking in merit. This finding, it is suggested, should be affirmed for the reasons stated.

Defendant also accused trial counsel of providing ineffective assistance of counsel for failing to move to sever his matter from his co-defendants' for purposes of trial. Defendant's 1925(b) Statement, Issue IV. Defendant argued that the claim had merit because the prosecutor waited until the trial commenced to redact the statements given by defendants' co-defendants to gain a tactical advantage and to preclude defendant from moving for severance. In the absence of legal support for the claim, defendant asserts that the prosecutor was required to redact the statements during a pre-trial conference.

Finally defendant contended that the introduction of the redacted co-defendants' statements prejudiced him because the contents of those statements was inadmissible against him. He submitted that if severance had been granted the statements would have been inadmissible at his trial.

9

Where, as here, the crimes charged against the defendants stemmed from the same facts and much of the evidence was admissible against each of the defendants, both the Pennsylvania Court and the United States Supreme Court encourage joint trials to conserve limited resources and to promote judicial economy by eliminating the duplication of evidence in separate proceedings:

> It would impair both the efficiency and the fairness of the criminal justice system to require ... that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability.

Commonwealth v. Travers, 768 A.2d 845, 847 (Pa. 2001), quoting Richardson v. Marsh, 481 U.S. 200, 210 (1987). Joint trials are particularly preferable where conspiracy is charged. Commonwealth v. Rivera, 773 A.2d 131, 137 (Pa. 2001).

Given this strong preference in the law for joint trials of co-conspirators, the burden is on the defendant seeking severance to "show a real potential for prejudice rather than mere speculation." Id. " 'Separate trials of co-defendants should be granted only where the defenses of each are antagonistic to the point where such individual differences are irreconcilable and joint trial would result in prejudice.' " Commonwealth v. Williams, 720 A.2d 679, 685 (Pa. 1998), quoting Commonwealth v. Lambert, 603 A.2d 568, 573 (Pa. 1992). Moreover, " 'the fact that defendants have conflicting versions of what took place, or the extent to which they participated in it, is a reason for rather than against a joint trial because the truth may be more easily determined if all are tried

10

together.' " Commonwealth v. King, 721 A.2d 763, 711 (Pa. 1998), quoting Commonwealth v. Chester, 587 A.2d 1367, 1373 (Pa. 1991).

The foregoing law sufficiently demonstrates that there was no basis to find counsel ineffective. First, as noted above, there is no law governing when a redaction must take place. The fact is that it did take place, thereby ameliorating any harm the introduction of the statements would cause defendant.

Next, with respect to defendant's claim that trial counsel should have moved for severance because his co-defendants' statements contained material damaging to his case, his argument ignores the fact that those statements had, by his own admission, been redacted and that their contents were not admitted in evidence against him. Given this, trial counsel was determined not to have been ineffective for not moving for severance.

In addition, because defendant was tried by this Court and not a jury, he cannot establish prejudice. "A judge, as a fact finder, is presumed to disregard inadmissible evidence and consider only competent evidence." Commonwealth v. Davis, 421 A.2d 179, 183 n.6 (Pa. 1980). Moreover, the Superior Court has specifically held that Bruton v.United States, 391 U.S. 123 (1968), wherein the United States Supreme Court held that Bruton's confrontation rights were violated by the introduction into evidence of the statement of his non-testifying co-defendant which implicated Bruton by name in the commission of the crime, despite the fact that the trial court instructed the jury to consider the statement only against the co-defendant. does not apply where, as here, the defendant is tried in a bench, rather than jury, trial. See Commonwealth v. Brooks, 660 A.2d 609, 614 n.3 (Pa. Super. 1995) ("appellant was tried by a judge, not a jury, and, therefore, the problems associated with a jury's improper use of a redacted confession

11

which were addressed in <u>Bruton</u> are not present in this case"), <u>appeal denied</u>, 546 Pa. 636, 683 A.2d 876 (1996). Indeed, the Superior Court has stated that

> the fundamental reason on which the decision in <u>Bruton</u> was predicated was a balancing of risks, i.e., the risk that a jury could or would not disregard prejudicial out-of-court inculpatory statements of a co-defendant, who did not testify, although instructed by the court not to do so, against the risk of the jury system not accomplishing the justice it is established to render. Such a risk is not present in this case where the fact finder is the judge who, in a jury trial, would be the one to give the instruction to the jury to disregard such prejudicial evidence. Certainly it in not too unreasonable to presume that he would himself obey the mandate he would have given to a jury.

<u>Commonweath v. Mangan</u>, 281 A.2d 666, 668 (Pa. Super. 1971).

Accordingly, it is respectfully suggested the rejection of this claim by this Court be affirmed on appeal.

Relatedly, defendant next argues that trial counsel should have objected to the admission of his co-defendants' redacted statements because the makers of those statements never testified at trial thereby depriving him of his right to cross-examine them. Defendant's 1925(b) Statement, Issue V; Defendant's Supplemental <u>Pro se</u> PCRA petition, pp. 8-9). This claim was properly denied because our Supreme Court has expressly approved of the practice of redacting statements of co-defendants, as opposed to granting severance, in order to protect a defendant's confrontation rights. <u>See</u> <u>Commonwealth v. Jones</u>, 668 A.2d 491, 506 (Pa. 1995), <u>cert. denied</u> 519 U.S. 827 (1996) ("Since <u>Bruton</u>, it has become well settled that redaction of any specific reference to defendant from the co-defendant's confession can protect the defendant's rights if a proper limiting instruction is given"); <u>Commonwealth v. Wharton</u>, 607 A.2d 710 (Pa. 1992)(same).

12

In Travers, supra, the Supreme Court expressly held that redaction of a non-testifying co-defendant's statement, which is admitted at a joint trial, by replacing the defendant's name with a neutral term, such as "the other man," is sufficient to protect the defendant's confrontation rights. Id., 768 A.2d at 850-852. Here, by defendant's own admission, the statement was redacted. Therefore, this Court did not err by determining that this claim entitled defendant to no relief

Defendant also did not establish prejudice. As noted above, Bruton does not apply to a waiver trial. Moreover, this Court did not violate Bruton by re-inserting defendant's name into the statements or consider those statements in deciding upon a verdict.

Accordingly, it is suggested that defendant be denied relief with respect to this claim.

In his sixth and seventh issues, defendant argues that trial counsel was ineffective because he did not object to testimony given by Philadelphia Police Detective Ryan Flannery because it was irrelevant and prejudicial as the incident occurred eight months after the shootings herein and implicated defendant in unrelated criminal conduct. Defendant further claims that counsel should have objected to the testimony based on Brady v. Maryland, 373 U.S. 83 (1963), because Officer Flannery's police report of the incident was not turned over to the defense until after the trial had commenced thereby depriving him of the ability to present possible defenses. Defendant's 1925(b) Statement, Issue VI. See Defendant's Supplemental Pro se PCRA petition, pp. 12-14; Defendant's Response to the No-Merit Letter, Part 3.

At trial, Detective Flannery, testified that on June 28, 2007, he was still a police officer and was on routine patrol when he observed defendant, who he recognized a

13

"wanted" poster displayed in the police station. He and his partner pulled their vehicle to the curb and stopped defendant, who put down a bottle he was carrying and put his hands up by his chest. When defendant raised his hands Detective Flannery saw an outline of a gun in defendant's clothing, which the detective immediately tried to grab. When the officer put his hand on it recognized it to be an automatic. Defendant then pushed Officer Flannery's hand away and fled. (N.T. 4/22/09, 15-25).

This issue was easily disposed of by this Court. After committing a crime, if a defendant knows that he is sought by police in connection with the crime, but "flees or conceals himself, such conduct is evidence of consciousness of guilt and may form a basis in connection with other proof from which guilt may be inferred." Commonwealth v. Smith, 552 A.2d 1053 (Pa. Super. 1989), alloc. denied, 575 A.2d 112 (Pa. 1990). Thus, the testimony was admissible regardless of the fact that it involved unrelated criminal conduct. The fact that the incident involving Officer Flannery occurred eight months after the shootings herein went to the weight of the evidence, not its admissibility.

In addition, no Brady violation occurred. In Commonwealth v. Burkett, 5 A.3d 1260 (Pa. Super. 2010), the Superior Court set forth the standards applicable to a Brady claim:

> A Brady violation consists of three elements: (1) suppression by the prosecution (2) of evidence, whether exculpatory or impeaching, favorable to the defendant, (3) to the prejudice of the defendant. No violation occurs if the evidence at issue is available to the defense from non-governmental sources. More importantly, a Brady violation only exists when the evidence is material to guilt or punishment, i.e., when 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"

14

> Commonwealth v. Tedford, 598 Pa. 639, 960 A.2d 1, 30 (Pa. 2008) (citations omitted). The burden of proof is on the defendant to establish that the Commonwealth withheld evidence. Commonwealth v. Ly, 602 Pa. 268, 980 A.2d 61 (Pa. 2009). A prosecutor is not required to deliver his entire file to defense counsel, nor is a prosecutor's duty to disclose such that it would provide a defendant with a right to discovery. Id. To satisfy the prejudice element of a Brady violation, the evidence withheld must be material to guilt or punishment. Id. Materiality extends to evidence that goes to the credibility of a witness. Id. However, the mere possibility that an item of undisclosed information might have helped the defense or might have affected the outcome of the trial does not establish materiality in the constitutional sense. Commonwealth v. Miller, 605 Pa. 1, 987 A.2d 638 (Pa. 2009).
>
> Where the alleged withheld Brady evidence would not affect the outcome of the trial in light of other evidence linking the defendant to the crime, the petitioner is not entitled to PCRA relief. Commonwealth v. Buehl, 540 Pa. 493, 658 A.2d 771, 776 (Pa. 1995); Commonwealth v. Copenhefer, 553 Pa. 285, 719 A.2d 242, 259 (Pa. 1998). In determining the materiality of alleged withheld evidence, the court must view the evidence in relation to the record as a whole. In addition, where there are multiple allegations of Brady violations, the court must consider the total effect of the alleged violations. Commonwealth v. Santiago, 2003 PA Super 94, 822 A.2d 716 (Pa. Super. 2003).

Burkett, 5 A.3d at 1267-1268.

Instantly, the denial of relief with respect to this claim should be affirmed because the defense did not and cannot establish that the prosecution withheld exculpatory evidence or that the evidence in question was material. Defendant merely speculated that had he received the police report sooner, he may have been able to formulate a defense to the allegation that he fled. Speculation cannot form the basis of either a Brady or ineffectiveness claim. "[T]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not

15

establish" prejudice. <u>Commonwealth v. Hutchinson</u>, 25 A.3d 277, 310 (Pa. 2011). Defendants' claims do not satisfy any of these prerequisites to a meritorious <u>Brady</u> claim.

In support of this claim, defendant makes much of the fact that Detective Flannery testified that he *"thought"* he felt a gun in defendant's waistband. Defendant's Amended PCRA Opinion filed 9/29/15, Issue 1; Defendant's 907 Response dated 11/13/15, Issue 3; N.T. 4/22/09, 18. A review of all of the detective's testimony, however, clearly established, however, that he was certain defendant was armed with a handgun. See N.T. 4/22/09, 19, 22, 24. Therefore, defendant failed to establish that the claim had any merit.

Moreover, had counsel objected and been successful, it would not have changed the outcome of the trial given the amount of evidence introduced establishing defendant's involvement in the crime. And given that defendant was tried without a jury, the presumption that this Court did not consider the evidence for an improper purpose applies and makes any error a nullity. This is especially so, given that this Court did not consider the evidence for any improper purpose during its deliberations.

Finally, it is clear that the defense was aware of the incident because defense counsel cross-examined Detective Flannery about the subject of his testimony and whether he made a report . (N.T. 4/22/09, 24). In addition, defendant has offered no evidence that he was not the person Detective Flannery encountered and thus, he cannot credibly deny not knowing about it before the detective testified. Therefore, even had the defense not received the police report, defendant clearly was not prejudiced because of that omission.

Accordingly, it is suggested that this Court's rejection of this claim should be affirmed.

16

In his penultimate 1925(b) claim, defendant asserts that this Court erred by finding him guilty of third-degree murder because it is defined by exclusion. This Court's review of the record failed to find where defendant raised this claim previously, and therefore, it should be dismissed because the law is clear that a claim cannot be raised for the first time on appeal. See Pa.R.A.P. 302(a) (claims may not be raised for the first time on appeal); Fulton, supra. In addition, the claim lacks merit because the crime of third degree murder is set forth in the Crimes Code thereby giving a fact-finder the power to render a verdict thereon and on direct appeal, the evidence was determined to be sufficient to support the charge. Accordingly, it is suggested that no relief be provided with respect to this claim for the reasons stated.

In his final claim, defendant contends that he was deprived of the effective assistance of counsel because counsel did not object to the delay in imposing sentence upon him. Defendant was sentenced a year and a little over a month after the verdict herein was rendered. Defendant claimed in his *pro se* filings that the delay prejudiced him because he: 1.) was stabbed while awaiting sentence; 2.) was placed in an overcrowded cell; 3.) suffered a delay in being sentenced by the State Board of Probation and Parole on a violation arising out of the instant convictions due to his incarceration in a county facility; and 4.) developed anxiety as a result of worrying about being assaulted. Defendant's Filing dated 11/13/15, Argument 7.

Pa.R.Crim.P. 704 provides, in relevant part, the following:

> (A) Time for Sentencing.
> (1) Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or nolo contendere.

17

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

Pa.R.Crim.P. 704(A)(1)-(2).

Regarding claims arising out of a violation of Rule 704(A), the Supreme Court has stated:

> The appropriate remedy for a violation of Pa.R.Crim.P. 1405 [now Pa.R.Crim.P. 704], is discharge. However, the remedy does not automatically apply whenever a defendant is sentenced more than [ninety] days after conviction without good cause. Instead, a violation of the [ninety-day] rule is only the first step toward determining whether the remedy of discharge is appropriate.
>
> * * *
>
> [A] defendant who is sentenced in violation of Pa.R.Crim.P. 1405 [now Pa.R.Crim.P. 704], is entitled to a discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her.... [T]o determine whether discharge is appropriate, the trial court should consider:
> (1) the length of the delay falling outside of [the Pa.R.Crim.P. [90–day–and–good–cause provisions]; (2) the reason for the improper delay; (3) the defendant's timely or untimely assertion of his rights; and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. Prejudice should not be presumed by the mere fact of an untimely sentence. Our approach has always been to determine whether there has in fact been prejudice, rather than to presume that prejudice exists. The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation.

Commonwealth v. Anders, 725 A.2d 170, 172–173 (Pa. 1999) (footnotes and internal citations omitted)

Instantly, the delay herein resulted from a delay in obtaining pre-sentence reports and the filing of a motion for extraordinary relief by the defense, wherein he argued that

18

two witnesses committed perjury during his trial. Most of the continuances in this matter resulted from the filing of that motion because the defense requested time to substantiate the claims set forth in the motion for extraordinary relief. Thus, because much of the delay was caused by defendant the the denial of relief was appropriate.[3]

Even if the claim did possess arguable merit, relief was properly denied thereon because defendant failed to establish that the delay actually prejudiced him. By his own admission, he was being held during the pendency hearing by the State Board of Probation and Parole. Therefore, the delay in sentencing him did not prejudice him because he would have been incarcerated in any event. In Commonwealth v. Glass, 586 A.2d 369, 373 (Pa. 1991). Similarly, the fact that a defendant is incarcerated on other charges weakens a defendant's claim of prejudice.

Although his violation hearing was postponed pending the imposition of sentence in this matter, defendant does not claim that he did not receive credit against one of his sentences for the time he spent in custody awaiting sentencing herein. In addition, while defendant may have been the victim of violence and may have developed anxiety, while awaiting sentencing in a county jail, there is nothing that says that he would have avoided those things had he been sentenced sooner.

Accordingly, it is suggested that this Court's denial of relief on this claim be affirmed for the reasons stated.

---

[3] Although the docket fails to indicate why many of the continuances were granted, this Court submits that they resulted mainly from defense requests related to the filing of the motion for extraordinary relief. It is noted that defendant never requested an earlier sentencing date thereby undermining the instant claim.

19

## CONCLUSION

Based on the foregoing, this Court suggests that the order denying defendant PCRA relief be affirmed.

By the Court,

DATE: 3/11/16

_____
Honorable Jeffrey P. Minehart

20