J-S40019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM GLENN PURNELL | : | |
| | : | |
| Appellant | : | No. 936 EDA 2018 |

Appeal from the Order Dated February 28, 2018
in the Court of Common Pleas of Chester County
Criminal Division at No.:  CP-15-CR-0003736-2016

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 12, 2018**

Appellant, William Glenn Purnell, appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9564 (PCRA).[1]  Specifically, he claims that the court erred in denying his petition because trial counsel was ineffective. We affirm.

We take the factual and procedural history in this matter from our review of the certified record.  On September 28, 2017, Appellant pleaded

_____

[1] On March 1, 2018, the day after the PCRA court issued its order denying Appellant's petition, Appellant filed an amended motion for post-collateral relief.  The PCRA court treated that motion as a second PCRA petition and, after conducting an independent review, and finding no arguable merit to Appellant's claims, on March 9, 2018, the PCRA court issued notice of its intent to dismiss pursuant to Rule 907(1).  Because this second petition has not been dismissed by the PCRA court, and remains pending, we consider Appellant's notice of appeal (which does not specify the order from which he appeals) to have been from the February 28, 2018 order denying his first PCRA petition.

_____

*   Retired Senior Judge assigned to the Superior Court.

guilty to retail theft,[2] and was sentenced to not less than eleven and one-half, nor more than twenty-three months of incarceration. On November 16, 2017, Appellant, *pro se*, filed his first PCRA petition.[3] The PCRA court appointed counsel, who reviewed the matter and, finding no issues of arguable merit, submitted a **Turner**/**Finley**[4] "no-merit" letter, requesting leave to withdraw as counsel. The PCRA court conducted an independent review of the record and concluded that there were no issues of arguable merit. On February 12, 2018, it issued notice of its intent to dismiss Appellant's petition. (**See** Order, 2/12/18); Pa.R.Crim.P. 907(1). On February 15, 2018, Appellant filed his response to the court's notice. On February 28, 2018, finding that Appellant's response also failed to raise any basis for collateral relief, the PCRA court issued an order dismissing Appellant's PCRA petition. That same day, the court issued a second order granting counsel's petition to withdraw. This timely appeal followed.[5]

_____

[2] 18 Pa.C.S.A. § 3929.

[3] Appellant did not file a direct appeal.

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] On March 19, 2018, Appellant filed a notice of appeal together with a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). The trial court issued an opinion on March 26, 2018. **See** Pa.R.A.P. 1925(a). Appellant filed a second notice of appeal, arguing the same points set forth in his first one, on March 28, 2018.

Preliminarily, we note that Appellant's brief fails to comply with several of the Pennsylvania Rules of Appellate Procedure. Namely, among other things, he has failed to include a statement of questions presented, and citation to relevant legal authority to support his argument. *See* Pa.R.A.P. 2116, 2119(a)-(b). Accordingly, we could find that Appellant has waived his claims on appeal. *See* Pa.R.A.P. 2101, 2116(a), 2119(a)-(b). However, because we can discern the specific issues raised, we decline to find waiver. *See Werner v. Werner*, 149 A.3d 338, 341 (Pa. Super. 2016) (concluding that issues not presented in statement of questions involved are generally deemed waived. However, "such a defect may be overlooked where [an] appellant's brief suggests the specific issue to be reviewed and appellant's failure does not impede our ability to address the merits of the issue.") (citation omitted).

In his appeal, Appellant contends that the PCRA court erred in denying his petition, arguing that he is entitled to relief because of plea counsel's ineffectiveness, and requesting a more lenient sentence. (*See* Appellant's Brief, at 1-3). Specifically, he maintains that counsel was ineffective by coercing him to plead guilty and failing to keep him informed of court dates. (*See id.*). Appellant's claims do not merit relief.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

- 3 -

A PCRA petitioner may be entitled to relief if the petitioner effectively pleads and proves facts establishing ineffectiveness of prior counsel.

> To establish ineffectiveness, a petitioner must plead and prove the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Counsel's actions will not be found to have lacked a reasonable basis unless the petitioner establishes that an alternative not chosen by counsel offered a potential for success substantially greater than the course actually pursued. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different.

> The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather [a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.

> A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled. Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea.

*Commonwealth v. Brown*, 48 A.3d 1275, 1277-78 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013) (citations and quotation marks omitted).

In the instant case, Appellant claims that trial counsel coerced him into pleading guilty because he was ignorant of court procedure, and counsel did not adequately inform him of such. (*See* Appellant's Brief, at 2). However, at the guilty plea hearing, Appellant testified that it was his decision to plead guilty and that he was satisfied with his counsel. (*See* N.T. Guilty Plea Hearing, 9/28/17, at 2). Appellant is "bound by the statements made during

- 4 -

the plea colloquy[.]" ***Brown***, ***supra*** at 1277. Thus, his claim that counsel rendered ineffective assistance by coercing him to plead guilty is meritless.

In his second claim, Appellant argues that counsel was ineffective for failing to communicate court dates to him. (***See*** PCRA Petition, 11/16/17, at 3). Appellant's claim does not merit relief.

Here, the PCRA court concluded that:

[its] review of the record reveals no facts in support of this claim. [Appellant] was present at his [guilty plea and] sentencing hearing. Further, [Appellant] fails to demonstrate prejudice resulting from trial counsel's alleged failure to communicate more frequently. [Appellant] received an excellent plea deal which was negotiated by trial counsel for [Appellant's] benefit. There is no demonstration of prejudice whatsoever.

(Order, 2/12/18, at 4 n.1).

Upon review, we conclude that the record supports the PCRA court's conclusions. Appellant has not proven that he was prejudiced by trial counsel's alleged lack of communication of court dates. ***See Brown***, ***supra*** at 1277. Accordingly, his second claim of ineffectiveness does not merit relief.

Finally, Appellant seeks a more lenient sentence. (***See*** PCRA Petition, at 3, 5). As the PCRA court notes "this request cannot be granted [because] a motion for reconsideration of sentence must be filed within ten [] days of sentencing." (Order, 2/12/18, at 4 n.1); Pa.R.Crim.P. 720(A)(1). Appellant was sentenced on September 28, 2017, but did not file his PCRA petition requesting relief until November 16, 2017. Thus his request for a more lenient sentence, filed over a month after the window for filing motions for reconsideration of sentence, is untimely.

Moreover, we note that during sentencing, the court observed that Appellant was "lucky [he] got such a good lawyer who was able to negotiate this plea, because frankly if you went to trial and were convicted, I would have sent you to the State penitentiary for a much longer period of time." (N.T. Sentencing, 9/28/17, at 6). Accordingly, to the extent that Appellant was attempting to argue that counsel was ineffective for not negotiating or seeking a more lenient sentence, we would conclude that his underlying claim would lack merit. *See Brown*, *supra* at 1277.

Accordingly, because Appellant's claims do not merit relief, we affirm the PCRA court's order denying his PCRA petition.

Order affirmed. Petition dismissed as moot.[6]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/18

---

[6] On August 15, 2018, Appellant filed a petition with this Court requesting to "close out this appeal procedure" and "ask[ing] that [his] case be remanded back to the Court of Common Pleas so that [he] may continue with [his] application for [e]arly [p]arole." (Petition for Writ, 8/15/18). Because we affirm the PCRA court's order, we dismiss Appellant's petition as moot.