J-S51011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
v.   :
   :
   :
JOHN COLBERT,   :
   :
Appellant   :   No. 472 EDA 2018

Appeal from the PCRA Order January 25, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0100721-1973

BEFORE:  DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:         **FILED FEBRUARY 19, 2019**

Appellant, John Colbert, appeals from the Order entered January 25, 2018, denying as untimely his Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court has previously stated the background of this case as follows:

In April 1973, a jury convicted Appellant of first-degree murder. The trial judge imposed a sentence of life in prison.  Our Supreme Court, which had original appellate jurisdiction in first-degree murder cases at the time of Appellant's direct appeal, affirmed the judgment of sentence. ***Commonwealth v. Colbert***, 476 Pa. 531, 383 A.2d 490 (1978).

In March 1978, Appellant filed his first petition for collateral relief under the PCRA's predecessor, the Post Conviction Hearing Act (PCHA), claiming ineffective assistance of trial counsel.  Following an evidentiary hearing, the PCHA judge denied relief.  This Court affirmed. ***Commonwealth v. Colbert***, 463 A.2d 47 (Pa. Super. 1983) (unpublished memorandum).

In 1984, Appellant filed a second PCHA petition, alleging layered ineffectiveness claims against trial and direct appeal counsel.  The PCHA court denied relief[,] and this Court again affirmed.

> ***Commonwealth v. Colbert***, 512 A.2d 49 (Pa. Super. 1986)
> (unpublished memorandum). Our Supreme Court denied
> *allocatur* on November 12, 1986.
>
> Appellant subsequently sought *habeas corpus* and other relief in
> federal court but was unsuccessful. He returned to state court
> and filed PCRA petitions in 1992, 1996[,] and 2002, all of which
> were denied. This Court affirmed the denial of the 2002 petition,
> Appellant's fifth petition for post-conviction relief.
> ***Commonwealth v. Colbert***, 815 A.2d 1124 (Pa. Super. [2002]),
> *appeal denied*, 814 A.2d 676 ([Pa.] 2002).
>
> On December 5, 2008, Appellant filed a "Motion to Vacate and Set
> Aside Judgment Based upon Fraud upon the Court," requesting
> relief under 42 Pa.C.S.[] § 5505, not under the PCRA. The PCRA
> court reviewed the motion, treated it as a PCRA petition and, after
> issuing a [Pa.R.Crim.P.] 907 notice, dismissed it as time-barred.

***Commonwealth v. Colbert***, No. 2355 EDA 2009, unpublished memorandum at 1-3 (Pa. Super. filed Apr. 9, 2010) (footnotes omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010). This Court affirmed. ***Id.*** at 5.

In November 2010, Appellant filed the instant Petition, his seventh. Following a lengthy delay, for which there appears no explanation in the record, Appellant filed an Amended Petition in March 2016. According to Appellant, his conviction and Judgment of Sentence resulted in a miscarriage of justice, as he was guilty of an offense no more serious than voluntary manslaughter. Appellant's Amended Petition, 3/22/2016, at 8. Acknowledging his Petition was untimely, Appellant attached to his Amended Petition a letter purportedly written in May 2006 by Arthur R. Shuman, Esq., who had prosecuted Appellant for Murder in 1973. ***Id.***, Exhibit (Shuman Letter). In the letter, Attorney Shuman suggests that his prosecution of

Appellant was overzealous and that Appellant was entitled to a commutation of his sentence. *Id.*

In December 2017, the PCRA court issued notice pursuant to Rule 907, informing Appellant of its intent to dismiss his Petition as untimely. Thereafter, in January 2018, the court dismissed Appellant's Petition. PCRA Court Order, 1/25/2018. Appellant timely appealed.[1]

Appellant raises the following issue:

Whether the PCRA court erred in denying Appellant's post-conviction petition as untimely filed when Appellant established that his after-discovered facts claim was within the plain language of the timeliness exception set forth at 42 Pa.C.S.[] § 9545(b)(1)(ii) and Section 9545(b)(2).

Appellant's Br. at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We address the timeliness of Appellant's Petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the

---

[1] The court did not issue an order directing Appellant's compliance with Pa.R.A.P. 1925(b).

- 3 -

merits of his claims. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***Id.*** There are three statutory exceptions. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (1982) (amended 1995) (current version at 42 Pa.C.S. § 9545(b)(2) (2018) (effective 12/24/2018)); ***see Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

Appellant's Petition is untimely.[2] Accordingly, Appellant must establish jurisdiction by pleading and proving an exception to the timeliness requirement. ***See Bennett***, 930 A.2d at 1267.

Appellant asserts that he is entitled to rely on the newly discovered facts exception under Section 9545(b)(1)(ii). Appellant's Br. at 9. This section affords the PCRA court jurisdiction where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

---

[2] Appellant's Petition is patently untimely. His Judgment of Sentence became final on April 26, 1978, ninety days after the Pennsylvania Supreme Court affirmed his judgment of sentence. ***See Commonwealth v. Colbert***, 383 A.2d 490 (Pa. 1978); 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review); Sup.Ct.R. 22 (1970) (affording petitioner 90 days to seek *certiori* with U.S. Supreme Court). Appellant's PCRA Petition, filed November 16, 2010, was filed more than 31 years late.

According to Appellant, Attorney Shuman's statements were previously unknown to him, and "no amount of diligence" could have uncovered them sooner. Appellant's Br. at 13.

We disagree. Appellant has raised similar claims before. In affirming the PCRA court's denial of Appellant's *prior* Petition, we noted:

> [Appellant's] requested relief is based upon the prosecuting attorney's statements [that] he was overly aggressive in pursuing a conviction. Even if the statements qualified as an exception to the PCRA's timeliness requirements, which they do not, Appellant cannot pretend he filed his petition within sixty days of discovering the statements.[3]
>
> [3] As the Commonwealth suggests, "[t]he prosecutor's statement amounted to no more than a reiteration of the same statement he had been making (and courts of this Commonwealth had been rejecting) since 1982." Commonwealth's Brief at 8, n.4 (referring to Commonwealth Exhibits A and B, attached to its brief, revealing the same statements were sent to the Board of Pardons in 1982 and 1984, as well as in 2006. *See* 2006 letter attached to Appellant's response to the PCRA court's Rule 907 notice).

**Colbert**, No. 2355 EDA 2009, unpublished memorandum at 5.

Appellant has long been aware of Attorney Shuman's statements and, therefore, cannot establish an exception to the timeliness requirements of the PCRA. Accordingly, the PCRA court was without jurisdiction to consider Appellant's Petition. **See Bennett**, 930 A.2d at 1267.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/19