OPINION BY COLVILLE, J.:
This case is an appeal from the order denying Appellant’s request for relief under the Post Conviction Relief Act (“PCRA”). The issue is whether Appellant’s guilty plea was induced by the ineffective assistance of counsel. We affirm the order.
Appellant pled guilty to third degree murder, theft, flight to avoid apprehension, false imprisonment, abuse of corpse, and tampering with physical evidence. He received an aggregate sentence of 30 to 60 years. No post-sentence motions were filed, and Appellant did not file a direct appeal. Appellant filed a pro se petition under the PCRA, and the court appointed counsel to represent him. Counsel filed an amended PCRA petition, which was denied after a hearing, and Appellant filed this timely appeal.
Appellant’s first argument is that he was essentially forced into pleading guilty because counsel did not adequately prepare for trial and did not adequately consult with Appellant. In support of this argument, he raises several points including: (1) counsel did not consult with Appellant to prepare possible defenses; (2) counsel told Appellant that if he went to trial, it was likely he would lose and receive a sentence of life imprisonment; (3) counsel never discussed the possibility of obtaining a verdict of less than third degree murder; (4) counsel never discussed the false imprisonment charge with Appellant; and (5) counsel caused Appellant to waive his preliminary hearing by promising to supply Appellant with discovery material, including a videotape, which Appellant contends he never received. For the reasons that follow, Appellant’s points warrant no relief.
Our standard of review of the denial of a PCRA petition is limited to examining whether the court’s rulings are supported by the evidence of record and free of legal error. Commonwealth v. Anderson, 995 A.2d 1184, 1189 (Pa.Super.2010). This Court treats the findings of the PCRA court with deference if the record supports those findings. Id. It is an appellant’s burden to persuade this Court that the PCRA court erred and that relief is due. Commonwealth v. Bennett, 19 A.3d 541, 543 (Pa.Super.2011).
A PCRA petitioner may be entitled to relief if the petitioner effectively pleads and proves facts establishing ineffectiveness of prior counsel. Commonwealth v. Miner, 2012 WL 1383058, 3 (Pa.Super. filed April 23, 2012).
To establish ineffectiveness, a petitioner must plead and prove the underlying claim has arguable merit, counsel’s actions lacked any reasonable basis, and counsel’s actions prejudiced the petitioner. Counsel’s actions will not be found to have lacked a reasonable basis unless the petitioner establishes that an alternative not chosen by counsel offered a potential for success substantially greater than the course actually pursued. Prejudice means that, absent counsel’s conduct, there is a reasonable probability the outcome of the proceedings would have been different.
Id. (internal citations omitted).
The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather “[a]ll that is required is that [appellant’s] decision to plead guilty be knowingly, voluntarily and intelligently made.” Commonwealth v. Moser, 921 A.2d 526, 528-29 (Pa.Super.2007).
A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled. Com *1278 monwealth v. McCauley, 797 A.2d 920, 922 (Pa.Super.2001). Claims of counsel’s ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea. Id.
Appellant’s position is that, because of all the foregoing points, he felt coerced, at the time of his plea hearing, to enter a guilty plea. However, at that hearing, Appellant testified that it was his decision to plead guilty, and that he was satisfied with the representation provided by counsel. N.T., 01/29/10, at 16. Appellant is bound by the statements made during the plea colloquy, and he may not now offer contradictory reasons for withdrawing his plea. Appellant may not be pleased with the results of entering a guilty plea, but he cannot now obtain relief by claiming he felt pressured by counsel to plead guilty. Appellant’s first argument fails.
In his next argument, Appellant claims counsel was ineffective in allowing him to plead guilty to false imprisonment when there was no factual basis in the record to support the charge. This claim also fails.
Pennsylvania defines false imprisonment as follows:
§ 2903. False imprisonment (a) Offense defined. — Except as provided under subsection (b) or (c), a person commits a misdemeanor of the second degree if he knowingly restrains another unlawfully so as to interfere substantially with his liberty.
18 Pa.C.S.A. § 2903(a).
The record indicates that on the night of the incident, Appellant, the decedent, and a friend were traveling in a car when Appellant and the decedent began verbally fighting. From the backseat, Appellant grabbed and choked the decedent before the friend intervened. The decedent exited the vehicle and Appellant continued to assault her on the sidewalk in front of witnesses. Appellant used his fist and feet to punch and stomp her. Appellant dragged the decedent back into the car and drove alone with her to a remote location. The autopsy revealed that Appellant ran over the decedent, as evidenced from tire treads.
Based on the foregoing facts, the Commonwealth’s position was that Appellant falsely imprisoned the decedent when he dragged her into the car and then drove her to the remote location. Appellant argues the Commonwealth could not have proven the decedent was still alive when Appellant dragged and then drove her, and as such, counsel should not have advised Appellant to plead guilty to false imprisonment.
Initially, we note we are satisfied that, in order for one to be falsely imprisoned, one must necessarily be alive at the time the false imprisonment occurs. The facts do reveal that, had this case proceeded to trial, there could have been an arguable question as to when the decedent died. Consequently, there could have been a question as to whether she was alive when Appellant dragged and drove her. However, this would have been a question for the factfinder to resolve. The decedent was alive when the assault started; she was dead when the incident ended. Although the assault preceding Appellant’s acts of dragging and driving was significant, the record does not show the assault involved acts so severe as to prevent the factfinder from reasonably finding the decedent was still alive when Appellant dragged and drove her.
In sum, a reasonable factfinder could have concluded that the decedent was alive at the time she was dragged and transported by Appellant to the location where her body was later found. Accordingly, *1279 Appellant has failed to establish his premise that the record does not contain facts sufficient to support the charge of false imprisonment. As such, Appellant has not shown counsel was ineffective.
Based on our foregoing discussion, Appellant has not persuaded us that the PCRA court erred factually or legally in failing to find counsel ineffective.
Order affirmed.
Judge DONOHUE concurs in the result.