J-S40043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMONT CRANSTON GORHAM | |
| Appellant | No. 205 MDA 2014 |

Appeal from the PCRA Order January 27, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002412-2010
CP-36-CR-0003360-2010
CP-36-CR-0003520-2010

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 28, 2014**

Appellant, Lamont Cranston Gorham, appeals from the order denying post-conviction relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-954, entered January 27, 2014, by the Honorable Dennis E. Reinaker, Court of Common Pleas of Lancaster County. After careful review, we affirm.

As we write exclusively for the parties, who are familiar with the factual context and legal history of this case, we set forth only so much of the procedural history as is necessary to our analysis.

Gorham was charged with several theft and robbery related counts. On March 9, 2011, Gorham pled guilty to all charges pursuant to a negotiated plea agreement. Pursuant to the plea agreement, Gorham was to

serve a total sentence of 13 to 26 years of incarceration. The Commonwealth submitted to the trial court various documents associated with the guilty plea, including the written guilty-plea colloquy signed by Gorham. Finally, the trial court informed Gorham that he faced a potential aggregate sentence of 117 years of incarceration.

During the sentencing hearing, which took place on May 18, 2011, Gorham articulated for the first time his belief that the plea agreement represented merely an upper limit for his sentence, and not a final agreement of the length of the sentence. Thereafter, the trial court explained to Gorham why he was incorrect and noted that Gorham had, in fact, indicated in the written guilty-plea colloquy that he understood what his maximum exposure was. Gorham lodged no further objection and he never moved to withdraw his plea before sentencing. The trial court then sentenced Gorham pursuant to the plea agreement.

Gorham then filed a timely notice of appeal to this Court, which affirmed the judgment of sentence. *See Commonwealth v. Gorham*, 1335 MDA 2011 (Pa. Super., March 16, 2012) (unpublished memorandum) (Panella, J). Gorham did not file a petition for allocator in our Supreme Court. Thereafter, Gorham filed a *pro se* PCRA petition. The PCRA court appointed counsel who subsequently filed an amended PCRA petition. An

evidentiary hearing occurred[1] and the PCRA court denied relief on January 27, 2014. This timely appeal follows.

On appeal, Gorham raises a single issue for our review: "Whether counsel was ineffective when he failed to competently advise the defendant concerning the plea agreement of 13 to 26 years and failed to advise the defendant that his scheduled sentencing had be accelerated by one day?" Appellant's Brief, at 4. In light of the numerous occasions in which Gorham acknowledged his understanding of the maximum sentence, we cannot find counsel ineffective.

Our standard of review regarding a PCRA court's denial of a petition for post-conviction relief is well settled. We examine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Smith**, 995 A.2d 1143, 1149 (Pa. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See id**. Our scope of review is limited to the findings of the PCRA court and the evidence of record. **See Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010).

_____

[1] Gorham failed to request a transcript for the PCRA evidentiary hearing that occurred on November 15, 2013. As such, we may not consider it in making our decision. **See Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006) (en banc) ("[A]n appellate court is limited to considering only the materials in the certified record when resolving an issue. ... [U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent….") (citations omitted).

Gorham's only claim is that his counsel provided ineffective assistance for not competently advising him about the sentencing parameters of his guilty plea and for failing to notify him that his sentencing date had been moved up by one day. This single claim is in reality, two separate claims of ineffective assistance of counsel. The first concerning advice about the guilty plea and the second on the failure to notify Gorham that his trial date had been moved up.

We presume that counsel is effective and Gorham bears the burden of proving otherwise. *See Commonwealth v. Steele,* 961 A.2d 786, 796 (2008). To prevail on this claim, Gorham must plead and prove the following three factors:

> (1) That the underlying claim is of arguable merit; (2) that counsel's course of conduct was without any reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different

*Commonwealth v. Lauro*, 819 A.2d 100, 105-6 (Pa. Super. 2003) (citing *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)).

Additionally, "[i]t is also well-established that claims of ineffective assistance of counsel in relation to a plea of guilt will provide a basis for relief only if the appellant can prove that the ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246-47 (Pa. Super. 2002) (citations omitted). In this regard, "[a] defendant is bound by the statements made during the plea colloquy,

- 4 -

and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277-78 (Pa. Super. 2012) (citations omitted).

In the instant case, it cannot be said that the ineffectiveness of Gorham's counsel rendered Gorham's guilty plea involuntary or unknowing. Initially, we note that most of the evidence Gorham cites in support of his claim is contained in the PCRA transcript, which, as noted, is not contained in the certified record. In light of this, "[i]n the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted." ***Preston***, 904 A.2d at 7.

Regardless of these deficiencies in the certified record, there is adequate evidence in the record to establish that Gorham knowingly and voluntarily agreed to his plea bargain. First, during his guilty plea hearing the following exchange occurred:

> The Court: I believe the maximum sentences then would be up to 117 years in prison and maximum fines of up to $180,000. Do you understand that?
>
> The Defendant: *Yes*, Sir.

N.T., Guilty Plea Hearing, 03/09/2011 at 15-16 (emphasis added). Moreover, Gorham also acknowledged his understanding of the maximum sentence in the written guilty plea colloquy when answered in the affirmative next to the following clause: "Do you understand that the total possible sentence that you could receive for your plea today if you were sentenced to

the maximum and all sentences where consecutive would be 117 years and $180,000?" Guilty Plea Colloquy, at 4. Furthermore, Gorham also answered in the affirmative that he had sufficient time to review this information contained within the plea and the attorney. **See** Guilty Plea Colloquy at 7. Importantly, Gorham also answered the following in the affirmative: "If you did not understand any part of this form, has your attorney explained it to you so that you now understand?" **Id**. Finally, during the sentencing hearing, Gorham's attorney related that he had discussed the plea agreement with Gorham several times, as they attempted to negotiate the individual numbers. **See** N.T., Sentencing, 05/18/2011, at 6-7.

In sum, there is a plethora of evidence on the record to demonstrate that counsel for Gorham was effective in his assistance of Gorham in relation to his guilty plea—and that Gorham knowingly and voluntarily entered the plea. Therefore, Gorham fails to establish that his underlying claim has arguable merit.

In Gorham's second claim, he contends that trial counsel was also ineffective when he did not inform him that his sentencing date had been moved up by one day. However, even if it could be said that there was arguable merit to the underlying claim, we find no prejudice has occurred. While it is true that the sentencing hearing was moved up by one day unbeknownst to Gorham, the Court accepted the plea deal and sentenced

Gorham *according to the agreement*. Thus, Gorham's sentence was exactly as it would have been had the sentencing occurred on the following day.

Accordingly, Gorham's claim on appeal does not merit relief from this court. Therefore, we must affirm the PCRA's court denial of relief.

Order affirmed. Jurisdiction relinquished.

Bowes, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014