J. S71041/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONIE CLARENCE FUTURE, | : | |
| | : | |
| Appellant | : | No. 788 MDA 2014 |

Appeal from the PCRA Order September 26, 2013
In the Court of Common Pleas of Lackawanna County
Criminal Division No(s).: CP-35-CR-0002431-2009
CP-35-CR-0002432-2009
CP-35-CR-0002433-2009
CP-35-CR-0002434-2009

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED DECEMBER 24, 2014**

Appellant, Tonie Clarence Future, appeals from the order denying his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, following an evidentiary hearing. Appellant asserts the PCRA court erred in concluding that his claims of guilty plea counsels' ineffectiveness lacked arguable merit. We affirm.

The PCRA court has summarized of the procedural history of Appellant's underlying convictions, which need not be recited in detail here.

---

[*] Former Justice specially assigned to the Superior Court.

PCRA Ct. Op., 9/26/13, at 1-2. It suffices to note that on December 28, 2011, Appellant pleaded guilty to charges listed in four separate informations, including third-degree murder,[1] attempted murder,[2] conspiracy to commit burglary,[3] and conspiracy to commit robbery.[4] That same day, the trial court sentenced Appellant to the agreed-upon aggregate sentence of thirty-five to seventy years' imprisonment. Appellant did not file post sentence motions or take a direct appeal.

On December 24, 2012, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. The court held a hearing on July 2, 2013, at which Appellant and guilty plea counsel, Joseph Kalinowski, Esq., testified.[5] On September 26, 2013, the court entered the instant order denying Appellant's request for PCRA relief.

Appellant failed to file a timely notice of appeal. The PCRA court, upon a stipulation entered by the parties, reinstated his right to appeal on April

---

[1] 18 Pa.C.S. § 2502(c).

[2] 18 Pa.C.S. §§ 901, 2502(a).

[3] 18 Pa.C.S. §§ 903, 3701(a).

[4] 18 Pa.C.S. §§ 903, 3502(a).

[5] Two attorneys represented Appellant at the time of his pleas, Attorney Kalinowki and Cathy Tully, Esq., both of the Office of the Public Defender. Attorney Tully was not at the PCRA hearing.

17, 2014. Appellant filed his notice of appeal on May 6, 2014. The court did not order him to file a Pa.R.A.P. 1925(b) statement.

Appellant presents the following question for review:

> Whether the [PCRA] court erred in finding that Appellant's claim of ineffective assistance of counsel failed when the evidence of record shows that Appellant did not understand the terms and consequences of his plea agreement and guilty plea [ ] counsel did not commit all terms and understandings of the agreement to writing[?]

Appellant's Brief at 2.

Appellant essentially asserts that the PCRA court's findings lacked support in the record. *Id.* at 4-5, 7. He argues the record establishes he believed he was pleading to conspiracy to commit murder, not murder of the third degree. *Id.* at 4-5. He also contends he was promised he could serve his sentence in federal prison. *Id.* at 7. Therefore, according to Appellant, the PCRA court erred in concluding his guilty plea counsel were not ineffective, his pleas were knowingly and voluntarily entered, and his pleas were not induced by an illusory promise. *Id.* No relief is due.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations.

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must

demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made."

*Commonwealth v. Willis*, 68 A.3d 997, 1001-02 (Pa. Super. 2012) (citations omitted). We are further mindful that "[a] defendant is bound by the statements made during the plea colloquy, and [he] may not later offer reasons for withdrawing the plea that contradict statements made when he pled." *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 773 (Pa. 2013).

Instantly, Appellant refers to passing remarks in the record which best support his position. *See* Appellant's Brief at 5 (quoting Appellant's initial statement at guilty plea hearing that he thought lead charge was

"conspiracy to murder," not third degree murder), 7 (citing Appellant's PCRA hearing  testimony regarding alleged promise to serve sentence in federal prison).  Our review, however, reveals that the record supports the PCRA court's resolutions of the disputes in the evidence and its findings of fact. Specifically, the court's determination that Appellant was aware of the offenses to which he was pleading guilty was supported by the written guilty plea colloquy, as well as the extensive oral colloquy conducted by the trial court.  *See* Guilty Plea Colloquy, 12/28/11, at 1-2 (indicating Appellant's plea to, *inter alia*, third-degree murder), N.T. Guilty Plea, 12/28/11, at 9-10 (indicating trial court ensured Appellant was "all right" with the written guilty plea colloquy's listing of charge of third-degree murder).  The PCRA court's determination that Appellant was not induced into pleading guilty by a promise of serving his sentence in federal prison was supported by Attorney Kalinowski's PCRA hearing testimony that no such promise had been made. *See* N.T. PCRA H'rg, 56-57, 61-62, 73.  Indeed, according to Attorney Kalinowski, he advised Appellant that federal officials alone would decide to allow him to serve his time in federal prison.  *Id.* at 56-57. Furthermore, Attorney Kalinowski purposefully omitted reference to federal prison on the written guilty plea colloquy form because there was no promise in place.  *Id.*

Thus, we find record support for the PCRA court's findings of fact.  *See* *Willis*, 68 A.3d at 1001; *Brown*, 48 A.3d 1278.  Moreover, we discern no error in the court's resulting legal conclusions that Appellant failed to

establish arguable merit to his claims of ineffectiveness. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014