J-S85029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL GARY BROWN | |
| Appellant | No. 960 EDA 2016 |

Appeal from the PCRA Order February 24, 2016
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006034-2010

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 03, 2017**

Appellant, Michael Gary Brown, *pro se* appeals from the February 24, 2016 order dismissing, as untimely, his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On September 19, 2011, Appellant entered a negotiated guilty plea to the crimes of third degree murder and possession of a firearm without a license.[1]  That same day, Appellant was sentenced to fourteen to thirty-five years of incarceration and five years of consecutive probation on the murder charge, plus three to six years of concurrent incarceration for the firearm charge.  **See** Notes of Testimony (N.T.), 9/19/11, at 107.  Appellant was given credit for time served and ordered to pay the amounts of $6,500 and

_____

[1] 18 Pa.C.S. § 2502(c), and 6101(a)(1), respectively.

- 1 -

$2,892 to the Victim Compensation Fund and Howard Sojourner Funeral Home, respectively. *Id*. Appellant did not file a direct appeal.

On June 6, 2012, Appellant timely filed a *pro se* petition seeking PCRA relief. The court appointed PCRA counsel, who submitted a no merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). On March 27, 2014, the court dismissed Appellant's petition without a hearing. Appellant did not appeal this order.

On January 13, 2015, Appellant *pro se* filed a second PCRA petition. The court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and on February 26, 2016, dismissed Appellant's petition as untimely.

Appellant timely appealed. The PCRA court did not issue an order pursuant to Pa.R.A.P. 1925(b); however, the court did issue an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1. Whether PCRA counsel rendered ineffective assistance for failing to raise substantive claims on direct appeal and investigate and research the law?

2. Whether the statute of murder in the third degree is valid, and was it justified to plea to an invalid statute?

3. Whether counsel induced a decision to plea or give advice unreasonable which was not in Appellant's best interest?

Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

by the evidence of record and is free of legal error. *See Commonwealth v.*
*Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual
findings deference unless there is no support for them in the certified record.
*Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing
*Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Initially, we address the timeliness of Appellant's petition, as it
implicates our jurisdiction and may not be altered or disregarded in order to
address the merits of his claim. *See Commonwealth v. Bennett*, 930
A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief,
including second and subsequent petitions, must be filed within one year of
the date on which the judgment of sentence becomes final. *Id*. There are
three statutory exceptions:

> (i) the failure to raise the claim previously was the result of
> interference by government officials with the presentation of the
> claim in violation of the Constitution or laws of this
> Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown
> to the petitioner and could not have been ascertained by the
> exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was
> recognized by the Supreme Court of the United States or the
> Supreme Court of Pennsylvania after the time period provided in
> this section and has been held by that court to apply
> retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these
exceptions "shall be filed within 60 days of the date the claim could have

been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely, and he has failed to argue or establish an exception to the timeliness requirements of the PCRA.[2] Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims, and properly dismissed his petition. *See Ragan*, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2017

---

[2] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on October 19, 2011, at the expiration of his thirty days to file a direct appeal. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Thus, Appellant had until October 19, 2012, to timely file a petition. *See Bennett*, 930 A.2d at 1267. Appellant filed his current petition on January 13, 2015.