J-S31005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALE WAKEFIELD | |
| Appellant | No. 927 EDA 2021 |

Appeal from the PCRA Order Entered April 8, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0006123-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALE WAKEFIELD | |
| Appellant | No. 928 EDA 2021 |

Appeal from the PCRA Order Entered April 8, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0002725-2014

BEFORE: STABILE, J., KING, J., and PELLEGRINI, J.[*]

**MEMORANDUM BY STABILE, J.:**          **FILED JANUARY 4, 2022**

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, Dale Wakefield, appeals from the April 8, 2021 orders dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

On June 5, 2014, Appellant pled guilty to first-degree murder, aggravated assault, assault by a prisoner,[1] and related offenses.[2] The trial court imposed life in prison without parole for murder and an aggregate, consecutive 5½ to 20 years for the remaining charges. The underlying facts are not pertinent to this appeal. After some procedural delays, this Court affirmed the judgment of sentence on March 21 2017. The Pennsylvania Supreme Court denied allowance of appeal on August 7, 2017, and the United States Supreme Court denied certiorari on February 20, 2018.

Appellant filed this timely first *pro se* PCRA petition on January 11, 2019, followed by an amended, counseled petition on February 15, 2021. Appellant alleges that one of his defense lawyers, Laura Riba of the Bucks County Public Defender's office, rendered ineffective assistance in connection with his guilty plea in bribing him to plead guilty by depositing at least $400.00 into his prison account in exchange for his cooperation in pleading guilty. The trial court conducted a hearing on April 8, 2021.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 2702(a)(4), and 2703(a), respectively.

[2] The offenses arise from two dockets. Number 6123 of 2013 pertains to the murder. Number 2725 of 2014 pertains to offenses Appellant committed while in prison for murder. This Court *sua sponte* consolidated Appellant's appeals by order of June 10, 2021.

Riba testified that Appellant's defense team advised him that a guilty plea might be in his best interest after the Commonwealth filed notice of its intent to pursue the death penalty. N.T. Hearing, 4/8/21, at 17-19. Appellant wanted to enter his plea as soon as possible, even though his attorneys advised him not to rush into it. *Id.* at 19. Riba testified that she made two deposits, totaling $50.00, into Appellant's prison account in furtherance of her office's policy of caring for those less fortunate.[3] *Id.* at 13-15, 20-22. In addition, one other attorney from Riba's office gave her $25.00 to deposit into Appellant's account. *Id.* at 16-17. Riba was aware that Appellant had little to no family support. *Id.* at 20-21. She denied that the money was conditioned on Appellant's agreement to plead guilty. *Id.* at 21-22.

Appellant's mother testified that she deposited no money into his prison account during the time in question. *Id.* at 6. Appellant's mother spoke to Riba, who told her that she deposited money into Appellant's bank account because she "felt sorry for him." *Id.* at 7. Riba did not tell Appellant's mother how much she deposited, nor did Riba ever say that the money was conditioned on Appellant's guilty plea. *Id.* Appellant also produced a handwritten balance sheet. *Id.* at Exhibit D-1. The PCRA court noted that the balance sheet was "borderline illegible" and did not identify the source of

---

[3] We observe that Rule 1.8(e) of the Pennsylvania Rules of Professional Conduct forbids lawyers to provide financial assistance to clients in connection with pending or contemplated litigation. We have no occasion to opine on the ethical propriety of counsel's actions in this case.

any deposit. PCRA Court Opinion, 6/30/21, at 19. At the conclusion of the April 8, 2018 hearing, PCRA court found Riba credible, Appellant not credible, and denied Appellant's petition. This timely appeal followed.

On review, we must determine whether the record supports the PCRA court's findings of fact, and whether it committed an error of law. **Commonwealth v. Watkins**, 108 A.3d 692, 701 (Pa. 2014), **cert. denied**, 136 S. Ct 221 (2015).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.
>
> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

**Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (internal citations and quotation marks omitted).

- 4 -

This case does not involve failure to discover exculpatory evidence, failure to advise Appellant of a potential affirmative defense, or counsel's misapprehension of the sentencing ramification of Appellant's plea. It is therefore distinct from many collateral actions involving the alleged ineffectiveness of plea counsel. This case is more akin to an allegation of an unlawfully induced plea, but Appellant has not alleged that an unlawful inducement led him to plead guilty when he was innocent.[4] *See* 42 Pa.C.S.A. § 9543(a)(2)(iii).

Assuming without deciding that Appellant's allegations, if true, could support a claim of ineffective assistance of counsel,[5] the outcome in this case is entirely dependent upon the PCRA court's credibility findings. The PCRA court credited Riba's testimony that Appellant was eager to plead guilty to avoid facing the death penalty and that her financial gifts were not conditioned on Appellant's acquiescence in the guilty plea. "The PCRA Court's credibility determinations, when supported by the record, are binding on this Court."

---

[4] On direct appeal, this Court rejected Appellant's challenge to the voluntariness of his guilty plea. Appellant did not assert bribery from defense counsel in support of his argument on direct appeal.

[5] "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277–78 (Pa. Super. 2012), ***appeal denied***, 63 A.3d 773 (Pa. 2013). "Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea." ***Id.***

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011). The record before us contains nothing to undermine the PCRA court's credibility determinations. As noted above, Appellant produced no evidence of the source of any deposit to his prison bank account. Further, Appellant's claim in this case contradicts his assertions, during his guilty plea colloquy, that he was satisfied with counsel's representation and that he was not coerced into pleading guilty. N.T. Hearing, 4/8/21, at 29-30. Appellant testified at the PCRA hearing that he repeatedly lied under oath at his guilty plea colloquy. *Id.* at 33-34. Based on the PCRA court's binding credibility findings, there is no factual basis for Appellant's claim of ineffective assistance of counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022