J-S30026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTINA WESTCOTT | : | |
| | : | |
| Appellant | : | No. 2559 EDA 2022 |

Appeal from the PCRA Order Entered September 7, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000935-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.:             **FILED SEPTEMBER 8, 2023**

Martina Westcott appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon our review, we affirm on the basis of the opinion authored by the Honorable Glenn B. Bronson.

On June 18, 2018, Westcott pled guilty to third-degree murder and related charges stemming from an incident in which she shot her paramour as he drove his car, in which Westcott was a passenger.  On October 9, 2018, Westcott was sentenced to an aggregate term of 22 to 44 years' incarceration. This Court affirmed Westcott's judgment of sentence, *see Commonwealth v. Westcott*, 237 A.3d 419 (Pa. Super. 2020) (Table), and our Supreme Court denied allowance of appeal.  *See id.*, 242 A.3d 635 (Pa. 2020) (Table).

On May 11, 2021, Westcott filed a timely *pro se* PCRA petition. The court appointed counsel, who filed an amended petition raising claims of ineffectiveness of plea and sentencing counsel. On July 7, 2022, the PCRA court held an evidentiary hearing solely on the issue of plea counsel's ineffectiveness, as Westcott had failed to proffer any evidence on her claim of sentencing counsel's ineffectiveness. On July 8, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss. Westcott filed a response in which she proffered a mitigation report in support of her claim that sentencing counsel was ineffective. On September 7, 2022, the PCRA court dismissed Westcott's petition. Westcott filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. She raises the following claims for our review:

> 1. Whether the [PCRA] court committed an error of law and abused its discretion by accepting [the testimony of sentencing counsel,] James Lloyd[,] III[, Esquire,] as a cure to [the ineffectiveness of plea] counsel, Trevan Borum[, Esquire,] when [] Westcott [did not] knowingly, intelligently[,] and voluntarily enter[] her plea.
>
> 2. Whether the [PCRA] court committed an error of law and abused its discretion by not vacating [Westcott's] guilty plea, which was not made knowingly, intelligently[,] and voluntarily[.]

Brief of Appellant, at 1.

In reviewing the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017). In rendering our decision,

we are bound by the credibility determinations of the PCRA court that are supported by the record. **Commonwealth v. Keaton**, 82 A.3d 419, 425 (Pa. 2013).

Westcott's claims involve the ineffectiveness of her plea counsel. Where ineffective assistance of counsel is pled, counsel is presumed effective, and the petitioner bears the burden of proving ineffectiveness. **Commonwealth v. Cooper**, 941 A.2d 655 (Pa. 2007). In order to obtain relief, a petitioner must prove that counsel's representation was deficient, and that she was prejudiced thereby. **Strickland v. Washington**, 466 U.S. 668 (1984). Specifically, a petitioner must plead and prove, by a preponderance of the evidence, that:

> (1) the underlying claim has arguable merit; (2) counsel's actions lacked any reasonable basis, and (3) counsel's actions prejudiced the petitioner. Counsel's actions will not be found to have lacked a reasonable basis unless the petitioner establishes that an alternative not chosen by counsel offered a potential for success substantially greater than the course actually pursued. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different.

**Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citation omitted).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [A]ppellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Commonwealth v. Mitchell*, 105 A.3d 1257, 1272 (Pa. 2014) (citations omitted). In order to establish prejudice in the context of ineffectiveness of plea counsel, a petitioner must establish that there was a reasonable probability that she would have opted to go to trial rather than plead guilty had she been given legally sound advice. *Commonwealth v. Barndt*, 74 A.3d 185, 199–200 (Pa. Super. 2013).

Here, after reviewing the parties' briefs, the certified record, and the relevant case law, we conclude that Judge Bronson correctly disposes of Westcott's claims. Specifically, Judge Bronson: (1) found credible the testimony of sentencing counsel, James Lloyd, Esquire, who stated that "he [] reviewed all of the forms of homicide with [Westcott], including manslaughter, and had advised her of the option of moving to withdraw her guilty plea," PCRA Court Opinion, 12/16/22, at 10; (2) "found, as a fact, that [Westcott] declined to move to withdraw her plea after a full explanation of all of the options [by Attorney] Lloyd," *id.*; and (3) concluded that, as a result of Attorney Lloyd's pre-sentencing advice and Westcott's subsequent decision to proceed with a plea, Westcott suffered no prejudice from plea counsel's failure to review with her defenses that could result in a verdict of voluntary or involuntary manslaughter.[1] Accordingly, we affirm on the basis of Judge

---

[1] Judge Bronson specifically stated that, had Westcott moved to withdraw her guilty plea prior to sentencing on the basis that plea counsel had failed to advise her of relevant defenses, he would have "unquestionably" granted the motion. PCRA Court Opinion, 12/16/22, at 12.

Bronson's thorough and well-reasoned opinion, and direct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2023

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF : CP-51-CR-0000935-2017
PENNSYLVANIA :
:
:
v. : **FILED**
:
MARTINA WESTCOTT : **DEC 1 6 2022**

OPINION

Appeals/Post Trial
Office of Judicial Records

BRONSON, J. December 16, 2022

On June 18, 2018, defendant Martina Westcott entered an open guilty plea before this

Court to one count each of third-degree murder (18 Pa.C.S. § 2502(c)), carrying a firearm

without a license (18 Pa.C.S. § 6106), carrying a firearm on a public street in Philadelphia (18

Pa.C.S. § 6108), and possessing an instrument of crime ("PIC") (18 Pa.C.S. § 907). On October

9, 2018, the Court imposed consecutive terms of 20 to 40 years of incarceration for third-degree

murder and 2 to 4 years incarceration for carrying a firearm without a license, as well as

concurrent terms of 9 months to 5 years incarceration for carrying a firearm on a public street in

Philadelphia and 1 month to 5 years incarceration for PIC, for an aggregate sentence of 22 to 44

years incarceration.[1] Defendant timely filed a post-sentence motion to reconsider sentence,

which the Court denied on February 1, 2019. The Superior Court affirmed the judgment of

---

[1] Defendant was represented at the plea hearing by Trevan Borum, Esquire. On June 26, 2018, Mr. Borum was permitted to withdraw due to a breakdown in communications with defendant's family, as well as defendant's inability to continue to afford private counsel. On June 27, 2018, James R. Lloyd, Esquire was appointed and defendant's sentencing was continued to the October 9, 2018 date. Defendant waived her right to speedy sentencing under Pa.R.Crim.P. 704. Mr. Lloyd represented defendant on direct appeal.

sentence on May 5, 2020, and the Supreme Court of Pennsylvania denied *allocatur* on December 1, 2020.

On May 11, 2021, defendant filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA"). Michael I. McDermott, Esquire was appointed to represent defendant on May 26, 2021. Mr. McDermott filed an "Amended Petition for Relief Under the Post-Conviction Relief Act" ("Amended Petition") on December 27, 2021, making ineffective assistance of counsel claims regarding both sentencing counsel and plea counsel. Specifically, Mr. McDermott argued that sentencing counsel failed to present mitigation evidence at the sentencing hearing and plea counsel improperly advised defendant before her guilty plea.[2] The Commonwealth filed a motion to dismiss the PCRA petition on January 16, 2022. Defendant responded to the Commonwealth's motion to dismiss on March 2, 2022 and the Commonwealth replied on March 24, 2022.

The Court held an evidentiary hearing on July 7, 2022. Because defendant had failed to proffer any evidence to support her claim that sentencing counsel was ineffective, the Court held the hearing solely on the issue of alleged ineffective assistance of plea counsel. At the conclusion of the hearing, the Court found that defendant was not denied effective assistance of counsel at her guilty plea since any deficiencies in counsel's advice did not prejudice defendant. In addition, the Court stated that it would issue a notice pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intent to dismiss defendant's claim of ineffective assistance of sentencing counsel

---

[2] Defendant has not pursued her claim regarding sentencing counsel's failure to present mitigation evidence on this appeal.

2

without a hearing.[3]  The 907 Notice was issued on July 8, 2022.

On August 18, 2022, prior to the date scheduled for dismissal of the PCRA petition, PCRA counsel submitted evidence to the Court in support of defendant's sentencing counsel ineffectiveness claim, curing the technical defect.  The Commonwealth responded to the sentencing counsel ineffectiveness claim on August 30, 2022.  On September 7, 2022, the Court dismissed the PCRA petition, finding that the sentencing counsel ineffectiveness claim was without merit, notwithstanding the evidence proffered in support of it.

Defendant has now appealed from the dismissal of her PCRA petition on the grounds that: (1) the trial court abused its discretion when it accepted defendant's guilty plea; and (2) defendant's guilty plea was induced by ineffective assistance of plea counsel.  Statement of Matters Complained of on Appeal ("Statement of Errors") ¶¶ 1-5.[4]  For the reasons set forth below, defendant's claims are without merit and the Court's order dismissing defendant's PCRA petition should be affirmed.

## I. FACTUAL BACKGROUND

The factual background of this matter is set forth in the Court's original Rule 1925(a) opinion filed in defendant's direct appeal as follows:

> On December 21, 2016, the victim, Terrell Bruce, broke up with his girlfriend, defendant, through text message.  N.T. 6/18/18 at 15-16. Thereafter, defendant repeatedly texted and called Bruce, pleading with him to agree to see her.  N.T. 6/18/18 at 16.  Her last phone call to Bruce was on the morning of December 27, 2016.  *Id.*

---

[3] Rule 907 notices are required to be given by a PCRA court whenever a PCRA petition is going to be dismissed without a hearing.  Pa.R.Crim.P. 907(1).  The notices give a defendant an opportunity to cure any technical defects in the petition before the date of dismissal.  Here, although the Court had held a hearing on defendant's first issue, the Court issued a 907 notice since defendant's second claim, that is, ineffective assistance of sentencing counsel, was going to be dismissed by the Court due a curable defect, that is, failure of defendant to proffer any evidence in support of the claim.

[4] The Court gleans these claims from the five paragraphs of the Statement of Errors, which does not concisely identify the specific issues that defendant intends to raise on appeal.  *See* Pa.R.A.P. 1925(b)(4).

3

That afternoon, at approximately 12:30 P.M., Bruce was driving his vehicle, with defendant in the passenger's seat, towards the Walnut Lane Circle in Philadelphia. *Id.* As the vehicle entered the circle, defendant pulled out a firearm and shot Bruce in the head. *Id.* Bruce lost control of his vehicle and it collided with another vehicle. *Id.* Witnesses to the collision observed defendant immediately exit the vehicle and walk away from the scene. N.T. 6/18/18 at 16-17. Video surveillance later captured defendant arriving on foot to her mother's home, which was located approximately three-and-a-half miles away from the scene. N.T. 6/18/18 at 18.

As defendant fled the scene, she threw her jacket over the Walnut Lane Bridge. N.T. 6/18/18 at 17. The jacket was later recovered by the Philadelphia Police Department's Crime Scene Unit. *Id.* Forensic testing revealed gunshot residue, defendant's DNA, and blood, which contained Bruce's DNA. N.T. 6/18/18 at 17-18. In addition, police recovered a firearm, which was buried under leaves in a location along the route that defendant traveled after the shooting. N.T. 6/18/18 at 18. Police matched the firearm to a handgun that defendant had purchased on November 20, 2016. N.T. 6/18/18 at 18, 20-21. She did not have a license to carry the firearm. N.T. 6/18/18 at 21. Forensic testing revealed that defendant's DNA was on the gun. N.T. 6/18/18 at 18.

Bruce was declared dead at the scene of the shooting. *Id.* An autopsy was performed and it was determined that Bruce was shot at close range in his right ear. N.T. 6/18/18 at 19. The bullet was recovered and it matched the gun that defendant had previously purchased. N.T. 6/18/18 at 19, 21.

Trial Court Opinion, filed 4/30/2019, at 2-3.

## II. DISCUSSION

An appellate court's review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Green*, 14 A.3d 114, 116 (Pa. Super. 2011) (internal quotations omitted). The reviewing court "will not disturb findings that are supported by the record." *Id.*

*A. The Court abused its discretion when accepting defendant's guilty plea*

Defendant's first claim is that the trial court abused its discretion when it accepted defendant's guilty plea because "it was clear the defendant did not understand the elements of third-degree murder and/or the sentence." Statement of Errors ¶ 1. This claim is waived and meritless.

A claim challenging the validity of a guilty plea is cognizable under section 9543(a)(2) of the PCRA, which provides for relief from a conviction or sentence that resulted from: "A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2). However, to preserve a challenge based on the voluntariness of a guilty plea, the defendant must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013); Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). "For the purposes of [the PCRA] an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *See* 42 Pa.C.S. § 9544(b); *Commonwealth v. Cousar*, 154 A.3d 287, 302 (Pa. 2017). Applying these principles, our Superior Court has held that where a defendant does not challenge the validity of his guilty plea at sentencing, in a post-sentence motion, or on direct appeal, then any claim challenging the validity of the plea under section 9543(a)(2) is waived.[5] *Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007); *see Commonwealth v. Hernandez*, 2022 WL 17588735 at *5 (Pa. Super. December 13, 2022) (unpublished memorandum).

---

[5] Claims under the PCRA attacking a guilty plea based on ineffective assistance of counsel are governed by the ineffectiveness of counsel subsection of the PCRA, 42 Pa.C.S. § 9543(a)(2)(ii), and may be raised for the first time in a PCRA petition. *See* Section II(B), *infra*.

5

Here, defendant did not object during the plea colloquy, did not file a motion to withdraw the plea within ten days of sentencing, and did not challenge the validity of the guilty plea on direct appeal. Therefore, her claim that the plea was involuntary, and the Court abused its discretion in accepting the plea, is waived. *Id.*

In any event, defendant's claim is without merit. To determine if a plea is made knowingly and voluntarily, the trial judge must inquire, during a guilty plea colloquy, as to whether the defendant: 1) understands the nature of the charges to which he is pleading guilty; 2) understands the factual basis for the guilty plea; 3) understands that she has a right to a trial before a jury; 4) understands that she is presumed innocent until he is found guilty; 5) is aware of the permissible range of sentences and fines for the crimes charged; and 6) is aware that the trial court judge is not bound by the terms of any plea agreement tendered unless the judge accepts such an agreement. *See* Comment to Pa.R.Crim.P. 590(A)(2); *Commonwealth v. Williams*, 732 A.2d 1167, 1184 (Pa. 1999); *Commonwealth v. Yeomans,* 24 A.3d. 1044, 1046-47 (Pa. Super. 2011). Further, it is well-established that a defendant is bound by her statements made during a plea colloquy, and cannot assert claims that contradict those statements. *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002).

The record demonstrates that before the Court accepted defendant's guilt plea, it conducted an extensive colloquy with defendant to determine whether defendant was making a knowing, voluntary, and intelligent plea. Defendant affirmed that she was 28 years old, had a master's degree, could read, write and understand English, and was not under the influence of any drugs or alcohol that could affect her ability to understand the proceedings or to communicate with her counsel. N.T. 6/18/18 at 6-7. After the Court asked defendant whether she had completed and signed the written guilty plea colloquy form of her own free will,

6

defendant affirmed that she had. *Id.* at 6. The Court carefully reviewed each of the charges with defendant to which she was pleading guilty, along with the elements of each offense and the maximum penalties. *Id.* at 10-15. Further, defendant acknowledged that she understood her right to a trial, that she was presumed to be innocent of all charges brought against her by the Commonwealth, and that she was not required to plead guilty. *Id.* at 8-9.

The Court also informed defendant that in exchange for her pleading guilty to murder of the third degree, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, and PIC, the Commonwealth agreed to drop the first degree murder charge, which would carry a mandatory sentence of life imprisonment without parole. *Id.* at 25. The Court explained to defendant that her total exposure on all four charges was fifty-seven years in prison and an eighty-five thousand dollar fine. *Id.* at 14-15.

In addition, during the guilty plea colloquy, the Commonwealth presented its factual basis for the plea and outlined the evidence establishing defendant's guilt. *Id.* at 15-21. After the Court asked defendant if she agreed in substance to the factual basis presented by the Commonwealth, defendant asked for the definition of "in substance." *Id.* at 21-22. While defendant did not agree that she intentionally shot the decedent, when the Court explained that third degree murder also includes reckless acts manifesting an extreme indifference to the value of human life, defendant agreed that she had acted with the requisite intent. *Id.* at 22-25.

Accordingly, the guilty plea colloquy establishes that the Court did not abuse its discretion when it accepted defendant's plea. No relief is due.

B. *Ineffective assistance of plea counsel induced defendant's guilty plea*

Defendant contends that her guilty plea was "unlawfully and irresponsibly induced" by plea counsel and, as a result, her guilty plea should be nullified and vacated. Statement of Errors

7

¶ 2. Defendant specifically claims that plea counsel, Trevan Borum, was ineffective for failing to properly inform defendant about the consequences of her guilty plea, the elements of the crime, and any possible defenses. Statement of Errors at ¶ 2. Furthermore, defendant claims that the PCRA court erred in concluding that the actions of sentencing counsel, Mr. Lloyd, cured any deficiencies in plea counsel's conduct. Statement of Errors ¶ 4. These claims are without merit.

Under Pennsylvania law, counsel is presumed to be effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000), n.10 (citing *Commonwealth v. Copenhefer*, 719 A.2d 242, 250 (Pa. 1998)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009); *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). Where, as here, a defendant has pled guilty, in order to show prejudice she "must show that it is reasonably probable that, but for counsel's errors, she would not have pleaded guilty and would have gone to trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002).

<u>Evidentiary Hearing</u>

The Court held an evidentiary hearing on defendant's ineffective assistance of plea counsel claim on July 7, 2022. At the evidentiary hearing, the defendant testified on her own behalf. The Commonwealth presented the testimony of sentencing counsel, James Lloyd.[6]

Defendant testified that on the day of the offenses here at issue, she was in the passenger seat of a car being driven by the decedent, Terrell Bruce, when an argument ensued that turned physical. N.T. 7/7/2022 at 20. According to defendant, Mr. Bruce had one hand on the wheel and one hand on defendant's throat. *Id.* at 20-21. She was brandishing a handgun, which went off when Mr. Bruce lost control of the car and it crashed. *Id.* at 21. She claimed that she did not know that she had shot Mr. Bruce in the head, thinking that he had been knocked unconscious in the accident. *Id.* at 21-22. She acknowledged leaving the car with the gun, throwing the gun into the bushes, and throwing her jacket, which had blood on it, over a bridge on the way home. *Id.* at 23-25.

Defendant further testified that after being arrested and charged with murder, she hired Mr. Borum. *Id.* at 26. She stated that she agreed to an open plea to third degree murder and firearms offenses upon the advice of Mr. Borum. *Id.* at 28-29. According to defendant, Mr. Borum never mentioned to her defenses that could result in a verdict of voluntary manslaughter or involuntary manslaughter, and that she was unfamiliar with those charges when she agreed to plead to the murder charge. *Id.* at 29-31.

Defendant claimed that Mr. Lloyd, who was appointed to take over from Mr. Borum and represent defendant at sentencing, also failed to mention to defendant any possible defenses or the option to file a motion to withdraw her guilty plea before sentencing. *Id.* at 34-35, 39. She

---

[6] PCRA counsel was unable to obtain any information from plea counsel Borum, who apparently moved out of Pennsylvania and was no longer practicing law. N.T. 7/7/2022 at 5-6.

9

stated that had she known about the charges of voluntary manslaughter and involuntary manslaughter, she would not have pled guilty to third degree murder. *Id.* at 39.

Mr. Lloyd testified that upon his first meeting with defendant, he discussed whether he should file a motion to withdraw her guilty plea. *Id.* at 99. Mr. Lloyd stated that he reviewed the different types of homicide with defendant including first and third degree murder as well as voluntary and involuntary manslaughter. *Id.* at 100-101. Mr. Lloyd testified that, because defendant was unhappy with Mr. Borum's representation, he assured defendant she was not stuck with anything Mr. Borum had done at that point and she would be starting with a "clean slate." *Id.* at 102. Mr. Lloyd stated he met with defendant two to three times prior to sentencing, and he expressed to her that the decision to withdraw her plea was entirely her own but that she could change her mind up until the last moment before sentencing. *Id.* at 103. He stated that, ultimately, defendant decided to go forward with sentencing. *Id.*

Findings of Fact and Conclusions of Law

At the conclusion of the hearing, the Court rendered findings of fact and conclusions of law. The Court found defendant, who had given multiple conflicting versions of the facts during the course of the case, to be incredible. *Id.* at 144-45. However, the Court credited her testimony that Mr. Borum neglected to review the offenses of voluntary and involuntary manslaughter with her. *Id.* at 145.

The Court found Mr. Lloyd to be believable. *Id.* at 146. The Court specifically credited his testimony that he had reviewed all of the forms of homicide with defendant, including manslaughter, and had advised her of the option of moving to withdraw her guilty plea. *Id.* The Court found, as a fact, that defendant had declined to move to withdraw her plea after a full explanation of all of the options from Mr. Lloyd. *Id.*

10

Because defendant decided to adhere to her decision to forego a trial after Mr. Lloyd thoroughly reviewed the applicable options and the law with her, Mr. Borum's failure to do so had no effect on the outcome of the case. Accordingly, the Court found that while Mr. Borum should have discussed the possible outcomes of voluntary and involuntary manslaughter, his failure to do so could not have prejudiced defendant. *Id.* at 146-47. As a result, the Court concluded that Mr. Borum did not cause defendant to be denied effective assistance of counsel. *Id.* at 147-48.

Defendant appears to challenge the Court's findings at the hearing on several grounds. First, defendant argues that the Court abused its discretion by crediting the evidentiary hearing testimony of Mr. Lloyd. Statement of Errors ¶ 3. This claim is frivolous.

The credibility of the witnesses at a PCRA hearing is a matter vested in the sound discretion of the PCRA court. Such determinations are binding upon the reviewing court provided these determinations are supported by the record. *Commonwealth v. Johnson,* 966 A.2d 523, 539 (Pa. 2009); *Commonwealth v. White,* 734 A.2d 374, 381 (Pa. 1999).

At the evidentiary hearing, Mr. Lloyd stated he had practiced law for over twenty years including five years as a prosecutor in Philadelphia and exclusively practicing criminal defense for the last twelve years. N.T. 7/7/22 at 105. Additionally, he stated that he had tried approximately a thousand cases including five to ten homicide cases. *Id.* The record fully supports the Court's decision to find him to be credible and to credit his testimony over the testimony of the defendant.

In addition, defendant claims that the Court erred in finding that it would have granted a pre-sentence motion to withdraw the guilty plea if Mr. Lloyd had filed one. Statement of Errors ¶ 5. This argument is meritless.

11

When a defendant seeks to withdraw a guilty plea before sentencing, the trial court should liberally permit it so long as there is a fair and just reason for the withdrawal and the Commonwealth will not suffer substantial prejudice.[7] *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015). Here, had the Court been apprised that defendant was unaware of the possibility of defenses that could have resulted in verdicts of voluntary or involuntary manslaughter before deciding to plead guilty to murder, the Court unquestionably would have granted a pre-sentence motion to withdraw.

Moreover, even assuming *arguendo* that such a motion would have been denied, defendant still would not have suffered prejudice. Because she was counseled by Mr. Lloyd that such a motion would be successful, and since she decided to adhere to her decision to plead guilty to third degree murder, the outcome of the case would be precisely the same had Mr. Borum reviewed the law regarding manslaughter with her prior to her guilty plea.

Finally, defendant contends that because Mr. Borum's performance was deficient, his errors could not be cured by subsequent actions taken by successor counsel. Statement of Errors at ¶ 4. There is no support in the law for this argument.[8] As stated above, a claim of ineffective assistance of counsel cannot be established without a showing that counsel's errors prejudiced the defendant. *See* p. 8, *supra*. Because the record establishes that Mr.Borum's deficient actions had no effect on the outcome of the case, the Court was required to reject defendant's ineffective assistance of counsel claim.

---

[7] There has been no argument that the Commonwealth would have been substantially prejudiced if defendant was allowed to withdraw her guilty plea prior to sentencing.

[8] At the evidentiary hearing, PCRA counsel conceded that he had no "technical legal argument" for his claim that sentencing counsel's behavior could not cure plea counsel's errors. N.T. 7/7/22 at 142-43.

12

## III. CONCLUSION

For all of the foregoing reasons, the Court's order dismissing defendant's PCRA petition should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.

Commonwealth v. Martina Westcott
Type of Order: Opinion

CP-51-CR-0000935-2017

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Attorney:**

Michael I. McDermott, Esquire
121 S. Broad St., Floor 18
Philadelphia, PA 19107-1808

Type of Service: ( ) Personal (**X**) First Class Mail () Other, please specify:

**Assistant District Attorney:**

Lawrence Goode, Esquire
Interim Supervisor, Appeals Unit
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107-3499

Type of Service        ( ) Personal () First Class Mail (**X**) Other, please specify: *Interoffice*

**Additional Party:**

Joseph D. Seletyn, Esquire
Office of the Prothonotary - Superior Court
530 Walnut Street - Suite 315
Philadelphia, PA 19106

Type of Service        ( ) Personal (**X**) First Class Mail () Other, please specify:

**Dated: December 16, 2022**

Anthony C. Sole, Esq.
Law Clerk to Hon. Glenn B. Bronson